The Honorable Shane Broadway State Representative 201 S.E. 2nd Street Bryant, AR 72022-4025
Dear Representative Broadway:
You have requested an Attorney General opinion concerning a city's sewer and water fees for commercial buildings.
You describe a situation in which an individual plans to build a commercial building that will have six rest rooms, each of which will have one toilet and one lavatory. There is to be only one water meter and only one tap for the sewer. The individual wishes to furnish water for the entire building. The original plan was to rent the building to a single tenant. The city told the builder that under this plan, he would be charged only one "impact fee"[1] pursuant to city ordinance. However, the builder subsequently changed his mind and arranged to rent the unit to five tenants. The city then informed the builder that there would be five "impact fees." You have enclosed with your correspondence a copy of the city ordinances establishing the relevant fees.
You have asked:
 What legal recourse does the builder have as it relates to the city ordinances or to state law?
State law does not address the issue of water and sewer fees, other than to grant cities the authority to establish fees for the use of municipal water and sewer systems. See A.C.A. §§ 14-234-214; 14-235-223. State law does not differentiate among the types of fees that municipalities may charge for the use of water and sewer systems. That is, state law does not specifically address certain types of fees, such as connection fees, tie-on fees, or "impact fees." Because the state has delegated the authority regarding such fees to cities, state law does not provide a specific basis for legal recourse for an individual who is aggrieved by a city concerning this issue. Rather, the issue will turn on the appropriate interpretation of the relevant city ordinances.
The Attorney General is not authorized to interpret local ordinances. The construction of such ordinances necessarily involves a determination of the intent of the city council, a factor that this office is not well situated to consider and address. It also requires a consideration of other factors of which this office is unaware that could reflect a particular intent on the part of the city council that is not apparent from the face of the ordinance. The awareness of such factors is a matter within the local domain, rather than the domain of this office. An interpretation of the local ordinances that are relevant to your question therefore must ultimately be handled locally, or through a medium that can consider local matters, such as a court.
For this reason, I am only able to opine that state law in not controlling on this issue. I am unable to interpret the local ordinances that you enclosed with your request, and therefore cannot opine definitively in response to your question.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SBA/cyh
[1] The term "impact fee," as you have used it, is derived from Bryant City Ordinance No. 97-3, which you enclosed with your correspondence, rather than from state law.